# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO RAYSHUAN EVANS,<br><br>      Plaintiff,<br><br>vs.<br><br>BLACK HAWK COUNTY ATTORNEY'S OFFICE, WATERLOO POLICE DEPARTMENT,<br><br>      Defendants. | No. C14-2066-LRR<br><br>ORDER |

The matter before the court is the plaintiff's amended application to proceed in forma pauperis (docket nos. 1 & 5). The plaintiff filed such application on February 11, 2015. Prior to submitting his amended application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983 (docket no. 1-1). The plaintiff supplemented such complaint on November 3, 2014 (docket nos. 2 & 3) and March 4, 2015 (docket no. 6).

## I. AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS

Based on the documents that the plaintiff provided, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, the plaintiff's application to proceed in forma pauperis shall be granted. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil

action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that the plaintiff included with his amended application to proceed in forma pauperis, the court finds that the initial partial filing fee is $20.00. *Id*. The plaintiff shall submit $20.00 by no later than September 21, 2015. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed.[1] *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Barnett v. Ray*, 320 F. App'x 823, 824-25 (10th Cir. 2009) (same); *Kennedy v. Reid*, 208 F. App'x 678, 679 (10th Cir. 2006) (same); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

---

[1] The court notes that the plaintiff's application to proceed in forma pauperis authorized the agency having custody of his prison account to withdraw funds, that is, the initial partial payment and subsequent installment payments, and forward them to the clerk's office. If the plaintiff does not submit the required initial partial payment by September 21, 2015, he must explain by no later than October 2, 2015 whether his failure to pay was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account, or whether his nonpayment was caused by his failure to leave sufficient funds in the account to pay the initial partial payment. *See Sims v. Davis*, 589 F. App'x 813 (8th Cir. 2015) (citing *George v. Tucker*, 570 F. App'x 629 (8th Cir. 2014)).

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## III. COMPLAINT

Currently confined at the North Central Correctional Facility in Rockwell City, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to his prosecution in 2013 and the conduct of police officers after an acquittal in 2013. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> I was acquitted of felony charges in 2013. Since my release, I have been constantly harassed by the Waterloo Police Department and have been targeted mainly by Officer Nissen and have a pattern of citations and arrests stemming from the officer's vendetta against me. I have endured police brutality and I have pictures [showing scars and lacerations] and police reports.
>
> Upon my current arrest on July 28, 2014, I was illegally stopped while being a passenger. The Waterloo Police Department did not have probable cause to transport me without being under arrest to conduct a strip search. The search and seizure was illegal, was unconstitutional and also not voluntary. After being booked for charges, I went before a bond judge who set my bond at an excessive $300,000, which exceeded the nature and stature of the crime I was charged with. I was later denied a reasonable bond on August 25, 2014 at a bond hearing. I am to assume because of the

4

State's argument of me being a threat to the community. Take note that there was no violence, no weapons, no victims, no force involved and also I had employer's support, community support of home owners and was not on parole or probation. The Waterloo Police Department conducted an illegal strip search. The Black Hawk County Attorney's Office exceeded the required amount to make bail on my current charge.

Regarding my acquittal, the Black Hawk County Attorney's Office pursued a case against me even though it knew of inconsistent statements. The Black Hawk County Attorney's Office used a supposed victim who admitted drug use and tested positive for drugs during the time of the incident. The Black Hawk County Attorney's Office had insufficient evidence and no evidence to coincide with the supposed victim's theory. The Black Hawk County Attorney's Office failed to depose me before my matter came to trial. The Black Hawk County Attorney's Office failed to bring me to a pretrial before my matter came to trial. The Black Hawk County Attorney's Office used suggestiveness to identify me and suggestiveness while interrogating the supposed victim. The Black Hawk County Attorney's Office attempted to railroad me by trumping up charges and failed at displaying justice.[2]

As relief, the plaintiff states that he wants the court to: (1) award compensation for being falsely imprisoned for the four months prior to being acquitted; (2) award compensation for the illegal strip search by the Waterloo Police Department; (3) afford him another chance to have a bond reduction hearing that aligns with the nature of the charged crime; (4) award compensation for police brutality; and (5) award compensation for defamation of character and pain and suffering for news articles and internet postings suggesting acts of terror.

---

[2] The court notes that the plaintiff's supplements do not materially alter the allegations that the plaintiff included in his complaint. For the most part, they just address issues that are related to *State v. Evans*, Case No. FECR199855 (Black Hawk Cnty. Ct. 2015).

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. *Claims asserted by the plaintiff*

With respect to the plaintiff's complaint, the court already addressed in a related case, that is, *Evans v. Nissen et al.*, Case # 6:15-cv-02011-LRR (N.D. Iowa 2015), the allegations that relate to the plaintiff's current conviction. So, the court need not address any claim by the plaintiff that arises from the July 28, 2014 stop and arrest. This includes allegations concerning the prosecution of such case by the Black Hawk County Attorney's Office because a prosecutor is immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992). Because all of the facts alleged by the plaintiff indicate that the prosecutor presented the State's case and took actions that were intimately associated with the judicial phase of the criminal proceedings, the plaintiff fails to state a claim upon which relief can be granted insofar as he maintains that the Black Hawk County Attorney's Office violated his constitutional rights with respect to his current conviction.

With respect to events that occurred prior to July 28, 2014, the plaintiff again asserts that the Black Hawk County Attorney's Office violated his constitutional rights. But, it appears from the facts alleged that the prosecutor was merely advocating on behalf of the State, that is, initiating and pursuing a criminal prosecution, presenting the State's case in court and acting to prepare to undertake those functions. It does not appear from the plaintiff's complaint that he is complaining about acts undertaken by the Black Hawk County Attorney's Office that were not integral to the judicial phase of the criminal process. Because a prosecutor's advocative actions are shielded from suit, the plaintiff fails to state a claim upon which relief can be granted insofar as he maintains that the Black Hawk County Attorney's Office violated his constitutional rights in 2013, that is, during the period when it prosecuted an offense that the jury determined he did not commit.

The only actionable facts in the plaintiff's complaint appear to allude to an excessive force claim and/or a substantive due process claim. *See, e.g.*, *Davis v. White*, 2015 U.S. App. LEXIS 13045 *11-13 (8th Cir. 2015) (emphasizing that "'[o]nly the most severe violations of individual rights that result from the brutal and inhumane abuse of official power rise to' the conscience-shocking level" (quoting *White v. Smith*, 696 F.3d 740, 757-58 (8th Cir. 2012))); *Schoettle v. Jefferson Cnty.*, 788 F.3d 855, 858-61 (8th Cir. 2015) (discussing factors, including the severity of the crime at issue, the nature of the threat to the safety of the officers or others that the suspect poses and the level of the suspect's resistance to arrest, that must be considered when determining whether unreasonable force was used); *Grider v. Bowling*, 785 F.3d 1248, 1251-53 (8th Cir. 2015) ("The dispositive question is whether the officer's conduct was objectively reasonable under the circumstances, as judged from the perspective of a reasonable officer on the scene at the time the force was applied."); *Ziesmer v. Hagen*, 785 F.3d 1233, 1237-39 (8th Cir. 2015) (discussing proof of injury); *Partlow v. Stadler*, 774 F.3d 497, 502 (8th Cir. 2014) (analyzing excessive-force claim in the context of seizures under the Fourth Amendment and applying a reasonableness standard); *Peterson v. Kopp*, 754 F.3d 594, 600-01 (8th Cir. 2014) (same). Specifically, the plaintiff asserts that he has been unfairly targeted and arrested since his acquittal and that he has endured police brutality. But, the facts regarding those allegations are sparse. And, more importantly, the plaintiff does not assert that he is suing the defendants in their individual capacities. Consequently, the plaintiff is only suing the defendants in their official capacities. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) (noting that it is assumed that a plaintiff is suing a defendant only in his or her official capacity if a plaintiff does not expressly and unambiguously state that a defendant is being sued in his or her individual capacity). The plaintiff, however, does not allege that any alleged constitutional violation occurred pursuant to an unconstitutional policy or as a result of a failure to properly supervise or train an employee. In light of his allegations, the plaintiff's action is subject to dismissal.

*See id*. at 766-67 (determining that plaintiff failed to set forth sufficient facts to show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation).

Given the record with respect to events that occurred prior to July 28, 2014, the court is of the opinion that the matter is best addressed by requiring the plaintiff to file an amended and substituted complaint. The plaintiff shall file by no later than October 2, 2015 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff shall only state what each defendant personally did, or failed to do, which resulted in harm to him. And, the plaintiff shall state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended and substituted complaint by October 2, 2015, this action will be dismissed. If necessary, the plaintiff may request in a written motion an extension of time to file an amended and substituted complaint. The clerk's office shall send the plaintiff the form that is regularly used by those who seek relief under 42 U.S.C. § 1983. If he so chooses, the plaintiff may complete and submit it as his amended and substituted complaint. Finally, the plaintiff should be aware that any claims that are not realleged in his amended and substituted complaint will be deemed abandoned by the court. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (explaining that an amended complaint supercedes an original complaint and renders the original complaint without legal effect). The court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status (docket nos. 1 & 5) is granted.

2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $20.00 by no later than September 21, 2015. The instant action will be dismissed unless either the initial partial filing fee of $20.00 is received by September 21, 2015 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

6) The plaintiff is directed to file by no later than October 2, 2015 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff is directed to only state what each defendant personally did, or failed to do, which resulted in harm to him. And, the plaintiff is directed to state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983.

7) Unless the plaintiff files an amended and substituted complaint by October 2, 2015 or the court grants an enlargement of time to file an amended and substituted complaint, the clerk's office is directed to dismiss without prejudice this action.

8) The clerk's office is directed to send the plaintiff the form that is regularly used by those who seek relief under 42 U.S.C. § 1983.

9) The court reserves ruling on the plaintiff's claim for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**DATED** this 28th day of August, 2015.

*[signature]*

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**North Central Correctional Facility, Rockwell City, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Antonio Rayshuan Evans, #6514430, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Evans v. Black Hawk County Attorney's Office et al.*, Case No. C14-2066-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $20.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $20.00, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa