# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

ANTONIO RAYSHUAN EVANS,

    Plaintiff,

vs.

BLACK HAWK COUNTY ATTORNEY'S OFFICE, WATERLOO POLICE DEPARTMENT, STATE OF IOWA,

    Defendants.

No. C14-2066-LRR

ORDER

---

The matter before the court is the plaintiff's motion to amend and substitute complaint (docket no. 13). The plaintiff filed such motion on September 24, 2015. Previously, the court directed the plaintiff to file an amended and substituted complaint and reserved ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A. The plaintiff complied with the court's directive. Accordingly, the plaintiff's motion to amend and substitute complaint shall be granted. The clerk's office shall be directed to file the plaintiff's amended complaint. The court now turns to consider the merits of the plaintiff's amended complaint.

The court previously informed the plaintiff that any claim that he did not reallege in his amended and substituted complaint would be deemed abandoned by the court. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (explaining that an amended complaint supercedes an original complaint and renders the original complaint without legal effect). The plaintiff elected not to amend what the court initially construed as an excessive force claim and/or a substantive due process claim against the Black Hawk County Attorney's Office and the Waterloo Police Department.

Because he abandoned his claims against the Black Hawk County Attorney's Office and the Waterloo Police Department, the clerk's office shall be directed to dismiss those parties and the claims against them. The plaintiff only opted to sue the State of Iowa. But, the plaintiff cannot proceed any further against the State of Iowa because a "person" who is subject to suit under 42 U.S.C. § 1983 does not include states or their political subdivisions, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state or an arm of the state), and sovereign immunity under the Eleventh Amendment bars a suit brought solely against the state or an agency of the state, *see Brown v. Dep't of Human Servs.*, 451 F. App'x 690, 691 (8th Cir. 2011 (applying Eleventh Amendment), *Morstad v. Dep't of Corrections and Rehabilitation*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same). Accordingly, the plaintiff's action against the State of Iowa shall be dismissed for failing to state a claim upon which relief can be granted.

Apart from relying on 42 U.S.C. § 1983 as a basis for the court's jurisdiction, the plaintiff relies on another federal statute, that is, 28 U.S.C. § 2513.[1] But, such statute

---

[1] 28 U.S.C. § 1495, in relevant part, provides:
Any person suing under section 1495 of this title must allege that:
(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(continued…)

2

outlines what must be alleged and proved when suing under 28 U.S.C. § 1495, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

*Id*. Because the plain language of 28 U.S.C. § 1495 indicates that claims for monetary relief must be sought in the United States Court of Federal Claims, the court does not have jurisdiction under 28 U.S.C. § 1495 and 28 U.S.C. § 2513. *See Channer v. Murray*, 247 F. Supp. 2d 182, 184-85 (D. Conn. 2003); *see also Bolduc v. United States*, 72 Fed. Cl. 187, 193 (Fed. Cl. 2006) (considering claim for damages due to unjust conviction and imprisonment). Moreover, the plaintiff is complaining about events that relate to *State v. Evans*, Case No. FECR192263 (Black Hawk Cnty. Dist. Ct. 2013).[2] The State of Iowa, not the United States, prosecuted him in that action. It necessarily follows that the plaintiff was never unjustly convicted of an offense against the United States because he never faced a federal charge. *See United States v. Racing Servs.*, 580 F.3d 710, 711-14 (8th Cir. 2009) (explaining 28 U.S.C. § 1495 and 28 U.S.C. § 2513); *see also Bolduc*, 72 Fed. Cl. at 188 (addressing federal bank robbery charges); *Lott v. United States*, 11 Cl. Ct. 852,

---

[1](…continued)
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

[2] Iowa state court civil and criminal records may be accessed online: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing a court's ability to take judicial notice of public records).

852-53 (Fed. Cl. 1987) (reviewing federal kidnapping charge). Because the plaintiff only faced state charges, the court lacks the power to entertain the plaintiff's claim for money damages under 28 U.S.C. § 1495 and 28 U.S.C. § 2513.[3]

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:
1) The plaintiff's motion to amend and substitute complaint (docket no. 13) is granted.

---

[3] The court notes that the plaintiff is not seeking liquidated damages under Iowa Code chapter 663A. *See, e.g., State v. DeSimone*, 839 N.W.2d 660 (Iowa 2013); *see also State v. McCoy*, 742 N.W.2d 593, 596-97 (Iowa 2007) (clarifying that a person may not proceed with a lawsuit under the State Tort Claims Act until the district court conducts a predicate review and assessment of the claim and finds the person is entitled to commence a civil action based on two preliminary findings). He may have opted not to do so because: (1) the jury acquitted him of all of the charges that he faced, the Iowa District Court for Black Hawk County never sentenced the plaintiff to a term of imprisonment as a result of a conviction, he only spent time in jail as a pre-trial detainee and he did not spend any time in jail as a result of a conviction that was vacated, dismissed, or reversed. *See generally* Iowa Code § 663A.1. The court also notes that the plaintiff is not pursuing state law claims of malicious prosecution and/or abuse of process, *see Sarvold v. Dodson*, 237 N.W.2d 447, 448-49 (Iowa 1976), or false imprisonment, *see Johannsen v. Steuart*, 152 N.W.2d 202, 204 (Iowa 1967). If he had pursued such claims, the court would have declined to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 F. App'x 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims). In light of the court's initial review of the plaintiff's amended complaint, there would be no reason to retain jurisdiction over any supplemental claim.

2) The clerk's office is directed to file the plaintiff's amended complaint.

3) The clerk's office is directed to dismiss the Black Hawk County Attorney's Office and the Waterloo Police Department from this action. The claims against them are dismissed.

4) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(5) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(6) The clerk's office is directed to enter judgment in favor of the State of Iowa.

**DATED** this 8th day of January, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA